*C. C. BARNES and others v. W. B. FORT and others.

*Practice--Evidence--New Trial.*

Where the Court below is requested to charge the jury that there is no evidence to support a certain allegation, and "the case" does not set out all the evidence so as to enable this Court to decide the question, a new trial will be ordered.

CIVIL ACTION tried at January Term, 1877, of WAYNE Superior Court, before *Seymour, J.*

This action was instituted to establish a parol trust and to recover the rents and profits of certain lands mentioned in

---

*FAIRCLOTH, J, having been of counsel in the Court below, did not sit on the hearing of this case.

the pleadings, but as a new trial has been ordered upon the ground that the case does not set out all the evidence touching the controversy, a statement of the facts is unnecessary.

Judgment for the plaintiffs. Appeal by the defendants.

*Mr. W. N. H. Smith,* for plaintiffs.

*Messrs. H. F. Grainger, S. W. Isler* and *F. A. Woodard,* for defendants.

PEARSON, C. J. Upon a demurrer to evidence, "the case " as a matter of course sets out all of the evidence, because otherwise the Court cannot decide the question.

So when counsel move the Court to instruct the jury that there is no evidence to support a certain allegation, which is refused and an appeal is taken, we had supposed it to be a matter of course, that the case would set out all of the evidence which the Judge thought tended to prove the allegation, so as to put it in the power of this Court to decide the question.

Here the statement of the case shows that the counsel of the defendants moved the Court to instruct the jury, that there was no evidence to support the allegation of a parol trust, or of any consideration to support it, (and he might have added) or of any inducement to make it.

The statement of the case, *which is settled by the Judge,* curtly cuts off the motion by setting out, "there was evidence of the parol trust, &c." ; so the counsel for defendants says- " there is no evidence," and the Judge says "there is evi, dence." How is this Court to decide? *Reductio ad absurdum.*

Upon consultation it was a question; shall we require the Judge by *certiorari* or other writ to amend "the case settled by him " or shall we order a new trial? We decided on the latter course and were influenced in some measure by the fact, that the Judge and the jury in a mere matter of ac

count of rents and profits differ from $6800 to $3000, and for the further reason, that because of the vagueness of the complaint in respect to the alleged parol trust, we are not able to see what was the consideration or the inducement for Coley and Sauls to pay $4200, and let Mrs. Barnes and her children live on the land, until after supporting the whole family the products of the land should be equal to $4200 with interest, which amount these charitable gentlemen have paid out in cash, plus $6800 as the jury find, $3000 as the Judge says.

The allegation is imputable, and as the case cannot be disposed of without a statement of the evidence, a new trial is ordered.

PER CURIAM.　　　　　　　　　　　*Venire de novo..*